WALLACE G. SAWYER *vs.* SAMUEL J. WALLACE, impleaded, etc.

November 25, 1891.

**Contract to Convey Real Property—Construction of Pleading.**—In an action founded upon a written agreement to convey "Duluth property already agreed upon," *held*, that by the answer an issue was raised as to whether the "property already agreed upon" was certain specified land, as claimed by the plaintiff, or only such interest therein as the defendant had acquired under a contract; and, in the absence of any proof as to what property had been agreed upon, the plaintiff was not entitled to recover as upon a breach of an agreement to convey *the land.*

Appeal by defendant Wallace (impleaded with Matthew B. Harrison) from an order of the district court for St. Louis county, refusing

a new trial after a trial before *Ensign,* J., and judgment ordered for plaintiff.

*Wm. W. Billson* and *Perkins & Drake,* for appellant.

*Little & Nunn,* for respondent.

Dickinson, J.[1]   In part this action was to compel the specific performance of an alleged agreement of the defendant Wallace to convey to the plaintiff certain real estate situate in Duluth.   The defendant Wallace, who is the appellant here, answered separately. Upon the trial no evidence was introduced going to show that he had contracted to convey the premises, and the finding of the court in favor of the plaintiff must be deemed to rest upon the ground that the complaint alleged the making of the contract, and that no issue was raised, as to that point, by the answer. No questions are raised, except such as relate to the pleadings.

In the complaint, after a specific description had been given of the lands concerning which the relief was sought which by the findings and order of the court was allowed in favor of the plaintiff, it is alleged that on the 5th day of October, 1889, the plaintiff and the defendant Wallace entered into a contract in writing, certain provisions of which, particularly set forth, need not be here stated.   Then it was added that the defendant agreed to convey by good and sufficient warranty deed certain Duluth property theretofore agreed upon between them, "viz., the Duluth property and real estate before described."   A copy of the alleged contract, annexed to the complaint and therein referred to, contains no designation of the property to which it relates, except "Duluth property already agreed on."   The answer is to be taken as admitting the execution of a written agreement to convey "Duluth property already agreed upon," but it is alleged that this language referred only to the rights and interest which the defendant had in Duluth property by virtue of a contract with his codefendant, Harrison, the nature of which was known to the defendant; that the only agreement he ever made with the plaintiff in relation to Duluth property was an agreement to transfer his rights and interest under such contract with Harrison; and

---

[1] Collins, J., took no part in this case.

it is denied that he at any time agreed to convey any of said Duluth property by warranty deed. Whatever uncertainty there may be in the allegations of the complaint, the defendant, after having answered it without resorting to any remedy for correcting such a fault, may be deemed to have waived it. The complaint is now to be construed as though it had alleged an agreement to convey certain Duluth property theretofore agreed upon, and particularly described in the preceding part of the complaint. So the complaint may fairly be understood, notwithstanding the introduction of the particular designation of the property with a *videlicet,—Buck* v. *Lewis,* 9 Minn. 298, (314, 317,)—and it is sufficiently apparent from the form of the answer that the defendant so understood it. Yet there is no averment or denial in the answer indicating an intention to put in issue the fact that the written agreement related to the real property described in the complaint. It is evidently rather directed to the point that the "Duluth property already agreed on" was not the land itself, as described in the complaint, the title in fee, but only such rights and interests therein as the defendant had by virtue of the contract with Harrison. But this raised an issue which required proof on the part of the plaintiff as to what property had been agreed on, and, in the absence of proof, the finding that the defendant had agreed to convey the land in question cannot be sustained. In other words, the answer raised an issue as to whether the terms, "Duluth property already agreed on," meant this land or only the defendants' interest therein. The language of the written instrument might refer to either, and the issue made could not be determined from the instrument alone. We are therefore of the opinion that there must be a new trial as to the defendant Wallace alone. The order appealed from is therefore reversed.

The respondent's contention that the case does not contain all the evidence is not well taken. The stipulation referred to is found in the return.

Order reversed.